UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITHIREE ALI,

      Plaintiff,

v.

STEVEN L. SIMMONS, et al.,

      Defendants.

_____/

Case No. 1:19-cv-126

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against various Michigan Department of Corrections (MDOC) employees, involving claims for violation of his First Amendment right to freely exercise his religion, retaliation in violation of the First Amendment, denial of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, use of excessive force and denial of medical care; and claims under various state laws.  Defendants filed a Motion for Summary Judgment based on exhaustion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the Court grant Defendants' motion.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, Defendants' response to Plaintiff's objections, and Plaintiff's reply (ECF No. 52, docketed as a surreply) to Defendants' response.

Additionally, Plaintiff has filed four motions subsequent to the Report and Recommendation: (1) for reconsideration and remand of the Report and Recommendation,

(docketed as an Objection to the Report and Recommendation); (2) to stay (to which Defendants filed a response); (3) for extension of time to file discovery and respond to Defendants' motion for summary judgment; and (4) to expand the record with Plaintiff's exhibits and declaration for the purpose of deciding Plaintiff's objections to the Report and Recommendation.  Plaintiff's various motions are apparently a consequence of a mail delay due to the COVID-19 pandemic, which resulted in the Court not timely receiving his initial motion for additional time to respond to Defendants' Motion for Summary Judgment, and further resulted in the Magistrate Judge issuing the Report and Recommendation in the absence of that response.

Defendants filed their Motion for Summary Judgment on January 21, 2020.  Having received no response from Plaintiff after the expiration of time for discovery and Plaintiff's motion response, the Magistrate Judge issued the Report and Recommendation on May 5, 2020.  However, Plaintiff had apparently filed a motion for enlargement of time, dated April 30, 2020, in advance of the Report and Recommendation.  That motion was not received by the Court and docketed until May 26, 2020, likely due to a COVID-19 mail hold.  The Magistrate Judge had no means of knowing that Plaintiff's motion and response were delayed due to COVID-19.  Therefore, this Court is left to remedy the situation as best it can.

Under these unusual circumstances, the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3).  For the following reasons, the Court adopts the Report and Recommendation to grant Defendants' motion on Plaintiff's claims in Counts I-VI and remands Count VII, First Amendment Retaliation, to the Magistrate Judge for further proceedings as to the alleged retaliatory misconduct ticket on August 11, 2015 and the cancellation of Plaintiff's medical shoe detail.  The parties are placed on notice that the

Magistrate Judge may revisit any determinations herein at her discretion, as necessary and appropriate for the proper resolution of this case.

## I.      Motions

As noted, Plaintiff has filed four motions, which the Court resolves as follows.

A.      Motion to Enlarge Time (ECF No. 43)

This motion was docketed on May 26, 2020, although Plaintiff signed and dated the motion April 30, 2020.  Plaintiff requested an enlargement of 60 days, until August 2, 2020, to complete discovery, and until August 30, 2020, to file a response to Defendants' Motion for Summary Judgment, due to reasons surrounding the COVID-19 pandemic (ECF No. 43 at PageID.287-288). Plaintiff has now had ample time and opportunity to respond to Defendants' motion and provide supporting evidence for the Court's consideration.  Therefore, this motion is denied as moot.

B.      Plaintiff's remaining motions

In Plaintiff's Motion for Reconsideration and Remand of the Report and Recommendation, he requests the Court to "remand this matter to the Magistrate Judge for further proceedings …" because the Magistrate Judge's Report and Recommendation did not take into consideration Plaintiff's pending motion to enlarge time (ECF No. 41 at PageID.266-267).  In Plaintiff's Motion to Stay he requests the Court stay the case until Lakeland Correctional Facility ("LCF") resumes normal operations and reopens its law library services which were disrupted following Michigan Governor Whitmer's executive orders in response to the COVID-19 pandemic (ECF No. 42 at PageID.283-284).  Given the time elapsed and Plaintiff's opportunity to fully respond to the pending exhaustion issues, these motions are denied as moot.

In Plaintiff's Motion to Expand Record, he asks the Court to "grant an expansion of the record concerning the exhibits and declaration incorporated with and for [the] purpose of deciding

Plaintiff's objections to the Magistrate Judge's May 5, 2020 Report and Recommendation" (ECF No. 50 at PageID.350).  The Court grants this motion to the extent the Court has given full consideration to Plaintiff's submissions in objection to the Report and Recommendation.

## II.    Objections

Plaintiff states six objections to the Magistrate Judge's Report and Recommendation to grant Defendants' Motion for Summary Judgment as to all Plaintiff's claims (Pl. Obj., ECF No. 46).  The objections can be generally separated into three categories corresponding to their factual basis as follows.[1]

A.    Plaintiff's objections challenging the timeliness of his grievance, IBC-15-09-2436-28E, pertaining to Counts I-VI.

Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to exhaust his administrative remedies for Counts I through VI, his claims for First Amendment free exercise of religion, RLUIPA, Equal Protection, Eighth Amendment excessive force and denial of medical care, and ethnic intimidation, because the grievance "was rejected as untimely at all three steps of review" (R&R, ECF No. 38 at PageID.257-258).  Plaintiff contends that prison officials interfered with his ability to exhaust because he followed prison officials' instructions for filing his grievance, but his efforts were thwarted by the officials' misdirection and strategic rejection of his grievance (ECF No. 46 at PageID.299-300).

Plaintiff asserts that he informed the (unnamed) housing deputy that during Plaintiff's prayer, he was physically attacked and assaulted by several officers to silence his religious exercise and in retaliation for having "lodged staff complaints" (*id*. at PageID.300).  The deputy informed

---

[1] Plaintiff's first objection, that the Magistrate Judge issued the Report and Recommendation prior to addressing Plaintiff's motion for an enlargement of time to respond to Defendants' Motion for Summary Judgment, is effectively resolved above with respect to Plaintiff's motions (Pl. Obj., ECF No. 46 at PageID.296).

Plaintiff that "things got out of hand" and "because misconducts were written, if he (Plaintiff) wanted, he could file a grievance with the Director's Office at the Legal Affairs Division [OLA]" (*id.* at PageID.300).  As best the Court can discern from Plaintiff's objections, a series of rejections of his successive grievance submissions and directions by prison staff resulted in Plaintiff filing a replacement grievance form, which ultimately was rejected as untimely.  In short, Plaintiff filed his grievance August 16, 2015 with OLA (Grievance IBC 15-09-2401-28E, ECF No. 46-2); that grievance was twice returned by prison staff for failing to comply with the proper grievance procedure, i.e., instructing that the grievance must be submitted to the facility at which the grievance occurred and to send the correct form with four copies (ECF No. 46 at PageID.300-301).  However, the required copies were not returned to Plaintiff, and prison staff then told him to refile his grievance on the correct form, and only then was his grievance returned as untimely (*id.* at 301).  Further, Plaintiff could not appeal his original grievance because it was duplicative of issues in his later grievance and he was only allowed one grievance form.

As an initial matter, the records cited by Plaintiff's do not clearly support his many assertions.  But that aside, the undisputed record cited by both parties—the Step III grievance report—states that the initial grievance was returned to Plaintiff 8/27/15: "under a cover letter requesting Step I and II documents; submitted directly to OLA (No Grievance #)" (ECF No. 36-3 at PageID.183; ECF No. 46-3 at PageID.325).  Plaintiff's exhaustion argument hinges on the timeliness of his original grievance filed with OLA directly at Step III, which rests solely on the unnamed deputy's oral statement above.  However, as Defendants point out in their Response, Plaintiff's reliance on the housing deputy's alleged oral statement does not overcome Plaintiff's failure to properly, timely file his grievance where Plaintiff knew prior to August 11, 2015 that he was not to file a grievance at Step III (ECF No. 51 at PageID.354).  Plaintiff was aware of the proper grievance

procedure because of a prior grievance rejection by OLA on May 1, 2015, which returned a Step I grievance under a cover letter to Plaintiff because he failed to include Step I and Step II documents (*id*.; ECF No. 36-3 at PageID.182). The untimeliness of Plaintiff's grievance was the result of his own actions and not the alleged thwarting of his actions by prison officials such that the grievance process was unavailable (*see* R&R, ECF No. 38 at PageID.256). The Magistrate Judge did not err in determining that Plaintiff failed to properly exhaust his claims in Counts I through VI (*id*. at PageID.257-258). This objection is denied.

B.     Plaintiff's objections challenging the exhaustion of his First Amendment retaliation claim during a misconduct hearing.[2]

Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to raise his claim of a retaliatory misconduct ticket during his misconduct hearing held on August 17, 2015, and he, therefore, has not properly exhausted that claim (Pl. Obj., ECF No. 46 at PageID.305). Plaintiff argues in both Objection #5, and further in his reply, that he "did in fact complain at the misconduct hearing that the misconduct ticket was a retaliatory act" (*id.*). As noted by the Magistrate Judge, "in order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, if unsuccessful, in a motion or application for rehearing or in an appeal" (R&R, ECF No. 38 at PageID.259, citing *Siggers v. Campbell*, 652 F.3d. 681 (6th Cir. 2011); *Rush v. Newcomb*, No. 2:18-cv-23, 2019 WL 3755967, at *6 (W.D. Mich. May 24, 2019), *report and recommendation adopted* 2019 WL 3733846 (W.D. Mich. Aug. 8, 2019)).

The record before this Court is not conclusive with regard to exhaustion of this retaliation claim. Plaintiff argues that the video evidence of his statement "Black Lives Matter," coupled with his reference to the professionalism of staff, raises implications of retaliatory misconduct.

---

[2] The Magistrate Judge noted that "Plaintiff does not specify the retaliatory acts of which he complains" (R&R, ECF No. 38 at PageID.258). The Court addresses only the claims raised and at issue in the Report and Recommendation and Objections.

The Court is not persuaded by this argument.  Nonetheless, Plaintiff also cites questions prepared for his misconduct hearing that incorporate his alleged retaliation claim, questions that are referenced in the misconduct hearing record, and cites as well his allegation in his rehearing petition of "a conspired act with IBC staff/officers to retaliate and punish Appellant for being Muslim, praying and exercising a constitutional right" (*id.* at PageID.306-307; ECF No. 36-4 at PageID.214).

Defendants assert that Plaintiff does not claim in his objection that he alleged "retaliation" during the misconduct hearing, and the record does not support that conclusion; and, at any rate, even if he had adequately raised the issue of retaliation at the misconduct hearing, he did not allege retaliation in his petition for rehearing (ECF No. 51 at PageID.355-356).  Contrary to Defendants' latter assertion, as noted above, the record indicates that Plaintiff did raise the alleged retaliation in his petition for rehearing.

On the record presented, the Court determines that Defendant's motion for summary judgment of this claim based on exhaustion is properly denied.  This claim is remanded to the Magistrate Judge for further proceedings.

C.     Plaintiff's claims of retaliatory conduct concerning the cancellation of his medical shoe detail.

Plaintiff objects to the Magistrate Judge's determination that Plaintiff's grievance "did not complain about denial of medical care" (R&R, ECF No. 38 at PageID.258).  Plaintiff asserts that his grievance noted the "denial of medical treatment/assistance for his injuries," and that he filed another grievance, MCF-15-10-1098-12z, "concerning [the] cancellation of his medical shoe detail [] due to the retaliatory conduct, which commenced at IBC" (Pl. Obj., ECF No. 46 at PageID.304).  Further, Plaintiff asserts that he raised this retaliation claim at his misconduct hearing (*id.*).  Plaintiff's grievance MCF-15-10-1098-12z was denied at Step III on April 6, 2016 (*id.*; ECF No.

7

46-5 at PageID.329-330; ECF No. 36-3 at PageID.181).   Defendants do not address the cancellation of Plaintiff's medical shoe detail.  On the record presented, the Court determines that Defendant's motion for summary judgment of this claim based on exhaustion is properly denied. This claim is remanded to the Magistrate Judge for further proceedings.

Accordingly, this Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation; the Court adopts the Magistrate Judge's recommendation to grant Defendants' Motion for Summary Judgment as to Counts I-VI and rejects the Magistrate Judge's recommendation and remands the above Count VII claims to the Magistrate Judge for further consideration.  On remand the Magistrate Judge may in her discretion revisit and reconsider the matters of exhaustion as necessary and appropriate for the proper resolution of this case.  To the extent any matters are left unresolved by this Opinion and Order, they likewise may be considered by the Magistrate Judge in the first instance on remand.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 46) are GRANTED IN PART and DENIED IN PART; and the Report and Recommendation of the Magistrate Judge (ECF No. 38) is ADOPTED IN PART and REJECTED IN PART; the Court adopts the Magistrate Judge's recommendation to grant Defendants' Motion for Summary Judgment as to Plaintiff's claims in Counts I-VI as the Opinion of the Court; the Court rejects the Magistrate Judge's recommendation to grant Defendants' motion as to the Count VII First Amendment retaliation claims addressed herein, which are remanded to the Magistrate Judge for further proceedings and consideration.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 35) is GRANTED IN PART and DENIED IN PART; specifically, the Court GRANTS summary

judgment as to Plaintiff's claims in Counts I-VI and DENIES summary judgment as to Plaintiff's First Amendment retaliation claims in Count VII.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enlarge Time (ECF No. 43) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration and Remand of the Report and Recommendation, docketed as an objection (ECF No. 41), is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay (ECF No. 42) is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expand Record (ECF No. 50) is GRANTED to the extent the Court has given full consideration to Plaintiff's submissions in objection to the Report and Recommendation.

Dated:  September 21, 2020                                    /s/ Janet T. Neff
                                                                          JANET T. NEFF
                                                                          United States District Judge