UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

    Plaintiff,

v.

STEVEN L. SIMMONS, et al.,

    Defendants.

_____/

Case No. 1:19-cv-126

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The majority of Plaintiff's claims were dismissed without prejudice for failure to exhaust his administrative remedies. Defendants filed a motion for summary judgment on Plaintiff's only remaining claim, to wit: his claim in Count VII that Defendants retaliated against him in (1) filing false misconduct tickets and (2) canceling his medical shoe detail or accommodation. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion and dismiss Plaintiff's remaining claim with prejudice. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

1. **False-Misconduct Retaliation Claim**

   Regarding the false misconduct ticket aspect of Plaintiff's retaliation claim, the Magistrate Judge decided that Defendants Hall, Rockwell, Coburn, Hickok, and Wagner were entitled to summary judgment for lack of personal involvement (R&R, ECF No. 78 at PageID.714).  The Magistrate Judge also decided that the claim was properly dismissed either because it is time-barred or, alternatively, because the hearing officer's factual findings on the misconduct are entitled to preclusive effect, barring Plaintiff from contesting the major misconduct charge (*id.* at PageID.715-724).

   In his objections, Plaintiff challenges all three aspects of the Magistrate Judge's decision. First, Plaintiff argues the Magistrate Judge should have found that Defendants Hall, Rockwell, Coburn, Hickok, and Wagner were "personally involved" because they wrote reports that were part of the record and "were witnessed discussing their attack of Ali" (Pl. Obj., ECF No. 82 at PageID.740-741).  Plaintiff's argument lacks merit.  As the Magistrate Judge explained (R&R, ECF No. 78 at PageID.714), and Plaintiff does not dispute, Defendants Stump and Simmons were the only Defendants who wrote misconduct tickets on Plaintiff.

   Second, Plaintiff argues that the limitations period for his claim should be tolled based on the MDOC's "custom and practice" and "inducement and trickery" concerning exhaustion of administrative remedies and/or the "accrual principles" articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *McDonough v. Smith*, 139 S. Ct. 2149 (2019) (Pl. Obj., ECF No. 82 at PageID.741-744).  Specifically, Plaintiff asserts that the Magistrate Judge "erred by excluding the judicial review's tolling time from Plaintiff's case, even though it is part of the MDOC's administrative remedy exhaustion requirement" (*id.* at PageID.742).  Plaintiff's argument lacks merit.  As the Magistrate Judge explained, the Prison Litigation Reform Act requires a prisoner to exhaust only

his available "administrative remedies" before filing suit under § 1983, *see* 42 U.S.C. § 1997e(a); therefore, the limitations period is tolled "only while a plaintiff exhausts his available 'administrative remedies,'" not while a plaintiff pursues any judicial remedies (R&R, ECF No. 78 at PageID.717).

Third, Plaintiff argues that the Magistrate Judge's preclusion analysis is "wrong because she takes away Ali's most basic procedural right to call witnesses and present evidence at a disciplinary hearing from any adequate opportunity to litigate the factual dispute" (Pl. Obj., ECF No. 82 at PageID.744-747). According to Plaintiff, "the hearing officer did not honor Ali's constitutional minimums" (*id.* at PageID.745). Plaintiff's argument lacks merit. The Magistrate Judge found that Plaintiff was permitted to "make a verbal statement, submitted a written statement and questions, was present for the hearing, had the benefit of a written decision, requested a rehearing, and filed an action in circuit court for administrative review" (R&R, ECF No. 78 at PageID.722-723). The Magistrate Judge concluded that where Plaintiff had "ample incentive to defend the major misconduct charge and fully took advantage of the procedural protections provided by statute," the hearing officer's decision should be given preclusive effect (*id.* at PageID.723). While Plaintiff does not agree that he had "an adequate opportunity to litigate the factual dispute," *Peterson v. Johnson*, 714 F.3d 905, 913 (6th Cir. 2013), his mere disagreement does not demonstrate any error by the Magistrate Judge.

**2.   Medical-Accommodation Retaliation Claim**

The Magistrate Judge determined that Plaintiff's medical-accommodation retaliation claim failed because Plaintiff presents no evidence indicating that Defendants had anything to do with canceling his athletic shoe accommodation" and could not amend his claim by asserting new facts in his response brief (R&R, ECF No. 78 at PageID.724-725).

In his objections, Plaintiff asserts that the Magistrate Judge's recommendation to dismiss the medical accommodation aspect of his retaliation claim is "not correct based upon the evidence" (Pl . Obj., ECF No. 82 at PageID.747).  According to Plaintiff, "the evidence infers that Defendants got rid of the shoes, spoke with medical staff about them, and set in motion the action to cancel Ali's medical detail" (*id.*).  Plaintiff's conclusory assertion fails to demonstrate any factual or legal error by the Magistrate Judge.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 82) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 78) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 61) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  September 28, 2021          /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge